IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO MANCUSO,

    Plaintiff,

  v.

WALGREEN CO. and DOES 1 through 20, inclusive,

    Defendants.
                             /

No. C 12-03696 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WALGREEN'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this wrongful-discharge action, defendant Walgreen Co. moves to dismiss plaintiff's complaint for: (1) lack of jurisdiction pursuant to FRCP 12(b)(1); or, in the alternative, (2) failing to identify a claim upon which relief can be granted pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## SUMMARY

Plaintiff was an assistant store manager at defendant's retail facility of Walgreen Co. in San Carlos, California (Compl. ¶ 5). In early July 2009, plaintiff gave permission to Linda Frank, a subordinate employee, to pay a reduced price for eight pairs of pantyhose that were on clearance, which she then purchased. Later that month, Walgreens terminated Ms. Frank on the grounds that the reduced price at which she made the purchase had not been authorized (*id*. at ¶ 6).

In February 2010, the California Employment Development Department conducted a hearing on Ms. Frank's appeal from an administrative determination that she had been terminated for willful misconduct and was thus ineligible for unemployment insurance benefits. Plaintiff testified at the hearing that he had in fact authorized the reduced price for which Ms. Frank purchased the pantyhose (*id*. at ¶ 7). Approximately one month later, Walgreens terminated plaintiff, alleging that he had forgotten to close out a cash register. Plaintiff asserts the reason was pretextual and that he was instead terminated because of his testimony at the EDD hearing (*id*. at ¶ 8).

Plaintiff filed suit against Walgreens in San Mateo Superior Court. Pursuant to 28 U.S.C. 1332, Walgreens timely removed the lawsuit from state court on July 13, 2012. Plaintiff's single claim for relief is entitled "Wrongful Discharge in Violation of Public Policy." Plaintiff alleges that "[b]y terminating [him] in retaliation for the testimony he gave, Defendants violated fundamental public policies underlying the protections given in the California Constitution, including his freedom of speech, and for the right of Ms. Frank to petition for redress of her grievances" (*id*. at ¶ 10).

Walgreens alleges that plaintiff's claim is preempted by the National Labor Relations Act, and therefore, pursuant to FRCP 12(b)(1), this Court is without subject-matter jurisdiction. Alternatively, Walgreens moves to dismiss plaintiff's claim for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

**ANALYSIS**

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and considered in the light most favorable to the nonmoving party. *Ibid.* The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a court dismisses for failure to state a claim pursuant to FRCP 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly

1  be cured by the allegation of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*,
2  911 F.2d 242, 247 (9th Cir. 1990).

3      FRCP 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over
4  the subject matter." Although the NLRA has no express preemption clause, the Supreme Court
5  has articulated:

> Section 10(a) [of the NLRA] gives the National Labor Relations Board exclusive jurisdiction to prevent and redress unfair labor practices, and, taken in conjunction with section 14, establishes clearly that this bill is paramount over other laws that might touch upon similar subject matters. Thus it is intended to dispel confusion resulting from dispersion of authority and to establish a single paramount administrative or quasi-judicial authority in connection with the development of the Federal American law regarding collective bargaining.

*Amalgamated Util. Workers v. Consol. Edison Co.*, 309 U.S. 261, 267 (1940).

    The so-called *Garmon* preemption protects the primary jurisdiction of the Board by preempting state regulation of conduct that is actually or arguably protected or prohibited by the NLRA. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959). A judicial remedy falls within the scope of *Garmon* preemption when the alleged claim encompasses matters within the provisions of either Section 7 or Section 8 of the NLRA. *See Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1268. Section 7 of the NLRA provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." 29 U.S.C. 157. Section 8 of the NLRA, in relevant part, states that: "It shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section [7] . . . ." 29 U.S.C. 158(a)(1).

    Walgreens argues that plaintiff's wrongful discharge addresses conduct that is within the scope of Sections 7 and 8 of the NLRA and is thus subject to *Garmon* preemption. This order disagrees.

### 1. PLAINTIFF'S CLAIM IS NOT PREEMPTED BY THE NATIONAL LABOR RELATIONS ACT.

Walgreens alleges that by testifying on Ms. Frank's behalf, plaintiff's conduct was for purposes of "mutual aid or protection," and therefore falls within the scope of NLRA preemption. The Supreme Court, however, has recognized limitations to the NLRA's scope of preemption: "[I]t has been held that the 'mutual aid or protection' clause protects employees from retaliation by their employers *when they seek to improve working conditions* through resort to administrative and judicial forums . . . ." *Eastex, Inc. v. N.L.R.B.*, 437 U.S. 556, at 565–567 (1978) (emphasis added). In sharp contrast to the decisions cited by Walgreens, here plaintiff's actions were in no way related to improving working conditions at defendant's retail store. Rather, his testimony before the EDD pertained to whether he had authorized a discounted purchase price for Ms. Frank, an ex-subordinate. The administrative hearing's only purpose was to determine whether Ms. Frank was eligible for unemployment insurance benefits.

Walgreens cites *Eastex* for the proposition that plaintiff's conduct constituted "mutual aid or protection" simply because he testified in an administrative forum. In support of its argument, Walgreens relies on two California Court of Appeal decisions that both dismissed for lack of jurisdiction wrongful termination claims involving adverse administrative testimony. *See Rodriguez v. Yellow Cab Cooperative, Inc.*, 206 Cal. App. 3d 668 (1198)*; Ruscigno v. Am. Nat'l Can Co., Inc.*, 84 Cal. App. 4th 112 (2000). Because those decisions involved union grievance proceedings, collective bargaining agreements, and conduct that was allegedly for the purpose of protecting union activities, they are easily distinguishable. Such factual circumstances clearly demonstrate "concerted activity" for the purposes of "collective bargaining or other mutual aid or protection." In contrast, here plaintiff neither sought to protect any union activities nor expose any unfair labor practices.

Plaintiff's conduct was not actually or arguably protected or prohibited by the NLRA because he did not engage in conduct for the purpose of "providing mutual aid or protection," as interpreted by the Supreme Court in *Eastex*. Accordingly, plaintiff's complaint is not subject to *Garmon* preemption and Walgreen's motion to dismiss plaintiff's claim pursuant to FRCP 12(b)(1) is therefore **DENIED**.

4

### 2. PLAINTIFF'S CLAIM IS INSUFFICIENT.

Although plaintiff's claim is not preempted by the NLRA, it still must state a claim upon which relief can be granted. Plaintiff concedes in his opposition that:

> The state constitutional policies alleged in the complaint, *e.g.*, Plaintiff's free speech and the right of his ex-subordinate to petition for redress of her grievances, fail to capture the fundamental public policy actually implicated by his retaliatory discharge, namely the public policy in support of a witness giving truthful testimony (Opp. at 3).

Accordingly, Walgreen's motion to dismiss plaintiff's claim pursuant to FRCP 12(b)(6) is **GRANTED**.

### CONCLUSION

For the foregoing reasons, Walgreen's motion to dismiss plaintiff's claim pursuant to FRCP 12(b)(1) is **DENIED**. Walgreen's motion to dismiss plaintiff's claim pursuant to FRCP (12)(b)(6) for failing to state a claim upon which relief can be granted, however, is **GRANTED**. Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion and plaintiff must plead their best case. Any such motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. The hearing set for September 27, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5